UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE VALLEY OPERATING ENGINEERS HEALTH FUND, | ) ) ) Civil Action No. _____ |
| Plaintiff, | ) ) |
| v. | ) ) |
| SOUTHERN STEEL AND CONCRETE, INC., | ) ) ) |
| Defendant. | ) |

## **COMPLAINT**

Tennessee Valley Operating Engineers Health Fund (Plaintiff) complaining of Southern Steel and Concrete, Inc. (Defendant), alleges as follows:

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to the Fund.

2. The Fund is a welfare plan as defined in ERISA at 29 U.S.C. §1002 (1). Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1), and venue is proper in this district because the Fund is administered here.

3. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements. All principal and income

1

from such contributions and investments thereof is held and used for the exclusive purpose of providing welfare benefits to participants and beneficiaries of the Fund after paying administrative and other reasonable expenses.

4. Southern Steel is an employer and party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c).

5. During all pertinent times, Southern Steel was party to a collective bargaining agreement as described in paragraph 3. Pursuant to this agreement, Southern Steel was to pay contributions to the Fund on behalf of covered employees, and was bound by the provisions of the trust agreement by virtue of which the Fund was created and operates.

6. The Fund operates on the basis of an employer self-reporting payment system whereby participating employers such as Southern Steel identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Fund.

7. The collective bargaining agreement and trust agreement require prompt payment of contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions. The Fund operates pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include by mandate of the Court the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

8. Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

9. Southern Steel has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the trust agreement whereby the Fund was created and operates, such breach occurring by virtue of Southern Steel failing to timely pay contributions and interest due thereon and/or having failed to submit reports with the employee work history for employees.

10. Despite demand by the Fund that Southern Steel perform its statutory and contractual and trust obligations with respect to timely paying contributions, Southern Steel neglected and refused to pay the amounts that are due and as a consequence currently owes contributions and accumulated interest plus penalties.

11. The failure of Southern Steel to pay contributions will cause the Fund to suffer irreparable harm; further, employer delinquencies such as those of Southern Steel adversely affect and impact upon the financial integrity of the Fund, and the continued delinquency will cause the Fund to lose the benefit of interest income that would otherwise be earned and will cause the Fund to incur additional administrative expenses in connection with the remedying of the delinquencies of Southern Steel.

12. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiff requests the following relief:

(a) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreement requiring payment of contributions.

(b) A judgment against Defendant in favor of the Plaintiff for all sums that are owed as of the date of the judgment plus for the Plaintiff the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action.

(c) For such further or different relief as the Court may deem proper or just.

Respectfully submitted,

s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, Tennessee 37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com